# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 6:03-CR-79-2 |
| | § | |
| JASON LEE ALLISON | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On March 3, 2009, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant, Jason Lee Allison. The government was represented by Jim Middleton, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Wayne Dickey.

Defendant originally pleaded guilty to the offense Conspiracy to Possess with Intent to Distribute and Distribution of 50 grams or More of a Mixture or Substance Containing a Detectable Amount of Cocaine Base, a Class A felony. The offense carried a statutory maximum imprisonment term of life. The United States Sentencing Guideline range, based on a total offense level of 29 and a criminal history category of III, was 120 to 135 months. On May 4, 2004, U.S. District Judge Leonard Davis sentenced Defendant to 72 months imprisonment and five years supervised release subject to the standard conditions of release, plus special conditions to include participation in a program of testing and treatment for drug abuse. On September 26, 2006, Defendant completed the term of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was prohibited, in relevant part, from: committing another federal, state or local crime, and purchasing, possessing or using any controlled substance, except as prescribed by a physician. In its petition, the government alleges that Defendant

violated his conditions of supervised release by being arrested for possessing drug paraphernalia on or about September 15, by being arrested for possessing marijuana on or about November 8, 2007—for which Defendant pled guilty on November 20, 2007—and by being arrested for possessing marijuana on or about July 17, 2008—for which defendant pled guilty on August 5, 2008.

If the Court finds by a preponderance of the evidence that Defendant committed these violations, a statutory sentence of no more than five years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Pursuant to Section 7B1.1(a) of the Sentencing Guidelines, violating a condition of supervision by being arrested for possessing drug paraphernalia on or about September 15, by being arrested for possessing marijuana on or about November 8, 2007, and by being arrested for possessing marijuana on or about July 17, 2008 would constitute a Grade C violation, for which the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment, or extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B3.1(a)(2). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade C violation is 30 to 37 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that Defendant would plead true to violating conditions of supervision by being arrested for possessing drug paraphernalia on or about September 15, by being arrested for possessing marijuana on or about November 8, 2007, and by being arrested for possessing marijuana on or about July 17, 2008. The government requested an upward departure from the guideline range to 48 months in light of Defendant's prospective plea of guilty to a felony charge. The government also asked that the sentence run concurrently with the prospective sentence in that case. Defendant agreed to a 48 month sentence that runs concurrently with the sentence received for the prospective offense.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court **RECOMMENDS** that Defendant, Jason Lee Allison, be committed to the custody of the Bureau of Prisons for a term of imprisonment of 48 months with no supervised release to follow.

The parties have waived their right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 4th day of March, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE